UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert L. COMPANION,
Defendant-Appellant.

No. 74–1436.

United States Court of Appeals,
Ninth Circuit.

Sept. 30, 1974.

Tom Kleinschmidt, Asst. Federal Public Defender (argued), Phoenix, Ariz., for defendant-appellant.

Patricia Whitehead, Asst. U. S. Atty. (argued), Phoenix, Ariz., for plaintiff-appellee.

Before ELY and WALLACE, Circuit Judges, and POWELL,* District Judge.

## OPINION

PER CURIAM:

The appellant was charged in a three count indictment with interstate transportation of counterfeit securities in the form of Bank of America Traveler's Checks. The three checks described in the indictment were cashed using Companion's identification. He was traveling with a man named Parizo. His defense was that Parizo had used his identification papers without authority. The F.B.I. handwriting expert testified from three known signatures of Companion that all of the counter signatures on the checks were genuine signatures of Companion. He also testified that the signature on an application for a credit card was that of Companion. The person before whom the application was signed gave a detailed description of Parizo, the man traveling with Companion, thus presenting a conflict in the testimony. No one was able to identify the appellant as the person who passed any of the traveler's checks charged in the indictment.

In his closing argument government counsel commented that appellant knew about the checks being passed and that he and Parizo were acting in concert. The indictment does not charge appellant with aiding and abetting. Counsel knew from the earlier conference that the court would instruct the jury that to convict appellant they must find he participated in passing the checks.[1] Objection was made to the arguments at the time. Since appellant contended Parizo passed the checks the comments of counsel in closing argument, to which defendant could not reply, may have misled the jury into finding appellant guilty if he signed the checks or otherwise aided or abetted Parizo. The comments were prejudicial. The government's case was not strong and included conflict in the testimony above noted.

The government's arguments must be within the legal theories to be covered by the court's instructions. United States v. Bohle, 445 F.2d 54, 69–71 (7 Cir. 1971); Graham v. United States, 257 F.2d 724, 729, 730 (6 Cir. 1958); Evans v. United States, 98 U.S. App.D.C. 122, 232 F.2d 379 (1956).

The argument of government counsel was not in support of the indictment. No instructions were given on aiding and abetting. We conclude that the arguments as made deprived the appellant of a fair trial. All other claims of error urged by the appellant are not sufficient to require the granting of the relief requested. The conviction is reversed.

Reversed and remanded for further proceedings.

---

* Honorable Charles L. Powell, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

1. "Evidence has been introduced by the defendant which amounts to a contention that the defendant was not present at the time when or at the place where he is alleged to have committed the offense charged in the indictment. If after consideration of all the evidence in the case you have a reasonable doubt as to whether the defendant was present at the times and places the alleged offenses were committed, you must acquit him." (R.T. 324, 325.)